UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MARIA SOTOLONGO,

                      Plaintiff,

      -against-

THE NEW YORK STATE DEPARTMENT OF
MOTOR VEHICLES, MICHELLE MENZIONE, and
BUSHRA VAHDAT (individually and in their official
capacities),

                    Defendants.
------------------------------------------------------------------------X

**AMENDED COMPLAINT**

Docket No.: 19-CV-3282

Plaintiff, MARIA SOTOLONGO, by and through her attorneys, RICOTTA & MARKS, P.C., complaining of Defendants herein, alleges, upon knowledge as to herself and her own actions, and upon information and belief as to all other matters, as follows:

**JURISDICTION AND VENUE**

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the discrimination against Plaintiff in the terms, conditions, and privileges of her employment, as well as the deprivation by Defendants, under the policies, ordinances, custom and usage of all rights, privileges and immunities secured to Plaintiff by the Fourteenth Amendment to the Constitution of the United States and all of the laws and statutes thereunder. This action also arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000-e, *et seq.,* and any other cause of action which can be inferred from the facts set forth herein.

1

2. The jurisdiction of this Court is invoked under 28 U.S.C. § 1331, the doctrine of pendant jurisdiction and the aforementioned statutory and constitutional provisions.

3. Venue is proper pursuant to 28 U.S.C. § 1391.

4. All conditions precedent to maintaining this action have been fulfilled. A charge of discrimination was filed with the Equal Employment Opportunity Commission ("EEOC"). A right to sue letter was received on March 5, 2019. This action was properly instituted within ninety (90) days of the issuance of said letter.

## PARTIES

5. At all times hereinafter mentioned, Plaintiff Maria Sotolongo ("Sotolongo") was and still is a resident of the County of Nassau, State of New York.

6. Defendant, New York City State Department of Motor Vehicles ("DMV"), was and still is a municipal entity located at 250 Veterans Memorial Highway, Hauppauge, New York 11788.

7. Defendant, Michelle Menzione ("Menzione"), Senior Administrative Law Judge, at all relevant times, was Plaintiff's supervisor. Menzione aided, abetted, compelled and/or incited the unlawful treatment set forth below. Menzione was and/or is responsible for the hiring, firing, promotion and discipline of employees and other employment related issues. Additionally, Menzione is a policymaker for the DMV, charged with the responsibility of insuring that employees are not subjected to discriminatory and/or retaliatory practices. Menzione had the power to make personnel decisions regarding Plaintiff's employment. Menzione is employed by the DMV.

8. Defendant, Bushra Vahdat ("Vahdat"), Supervising Senior Administrative Law Judge, at all relevant times, was Plaintiff's supervisor. Vahdat aided, abetted, compelled and/or incited the unlawful treatment set forth below. Vahdat was and/or is responsible for the hiring, firing, promotion and discipline of employees and other employment related issues. Additionally, Vahdat is a policymaker for the DMV, charged with the responsibility of insuring that employees are not subjected to discriminatory and/or retaliatory practices. Vahdat had the power to make personnel decisions regarding Plaintiff's employment. Vahdat is employed by the DMV.

## BACKGROUND FACTS

9. Maria Sotolongo ("Sotolongo") is a female.

10. Sotolongo began her employment with the New York State Department of Motor Vehicles on or about September 22, 2005.

11. Sotolongo was hired as an Administrative Law Judge. As an Administrative Law Judge, Sotolongo was responsible for, *inter alia*, rendering decisions, both written and oral, with respect to motor vehicle cases.

12. Sotolongo was assigned to the Hauppauge office. In 2010, Sotolongo was transferred to the Garden City office.

13. During the relevant timeframe, Sotolongo was only one of two female Administrative Law Judges.

14. During the course of her employment, Sotolongo observed that she and her female colleague were treated in a disparate manner to her similarly situated, male coworkers. More specifically, they were not afforded some fringe benefits that their male coworkers received, and were disproportionately assigned more difficult, labor intensive, and/or complex cases, while their male colleagues often received a disproportionate number of cases that required little to no written decision.

15. Sotolongo complained about these inequities, but nothing was done to remedy same.

16. As a result, on or about April 20, 2017, Sotolongo filed a claim of discrimination with the New York State Division of Human Rights. This claim related to the allegations set forth above. A No Probable Cause finding was made by the State Division, and, upon appeal of that decision to state court, it was sustained. Since filing her complaint, however, Sotolongo has been subjected to further discrimination and retaliation that was not a part of that action.

## **ACTIONABLE FACTS**

17. Subsequent to filing that complaint, Sotolongo was and has been subjected to further acts of retaliation. Moreover, the gender based discrimination and disparate treatment has continued, unabated.

18. Presently, Sotolongo is supervised by Michelle Menzione ("Menzione"), Senior Administrative Law Judge. Bushra Vahdat ("Vahdat"), Supervising Senior Administrative Law Judge, is Menzione's supervisor, and also supervises Sotolongo.

19. Kathleen Whalen, her female colleague, turned on Sotolongo after she filed her complaint, and has also engaged in retaliation, along with supervisors, in an effort to distance herself from Sotolongo's complaint and ingratiate herself with supervisors.

20. By way of examples, since her complaints, Sotolongo was the only ALJ working at the Garden City office that was excluded from the holiday party in December 2017.

21. Moreover, on March 18, 2018, there was a mirror image taken of her hard drive on the shared network. Upon information and belief, this was done to Sotolongo, and not her similarly-situated coworkers who had not complained about discrimination, in an effort to dig up performance issues.

22. On April 20, 2018, there was a meeting with the Garden City office where Sotolongo was excluded from the meeting, which included her supervisors and the other ALJ assigned to the Garden City office. As a result, Sotolongo was not given an opportunity to provide input as to matters that impacted her job, while her similarly situated coworker who had not complained about discrimination was afforded the opportunity to do so.

23. On May 10, 2018, at an ALJ meeting, all ALJs from the Downstate area were to make submissions to a new proposed manual. On an issue where Sotolongo is known to have experience and expertise (insufficient readings on a chemical test refusal), she was told by Menzione that she was not allowed to participate in crafting and submitting the new manual.

24. On May 31, 2018, Sotolongo was again excluded from an in-office birthday party for which all other members of the staff, and even members of other offices, were invited, yet Sotolongo was excluded.

25. Moreover, Whalen does not speak to Sotolongo at all and ignores her. Sotolongo's supervisors are aware of this and the above issues, but have allowed them to persist, unabated, thereby exacerbating the hostile work environment.

26. Additional acts of retaliation have persisted to present date. For example, on or about March 25, 2019, Whelan with the knowledge and or authority of Plaintiff's supervisors, including Vahdat, has meddled in and interfered with Sotolongo's assigned cases, contrary to DMV regulations, including, adjourning one of Sotolongo's cases without consulting with Sotolongo.

27. In addition, on or about July 26, 2019, Whelan threatened Sotolongo, alleging inaccurately that Sotolongo routinely arrived late to work and that Whelan was going to report her to supervisors and the press, This was a blatant lie a Sotolongo does not report to work late and certainly not on a regular basis.

28. Moreover, on September 10, 2019, Sotolongo was issued a falsely negative evaluation. Prior to her complaints, Sotolongo had consistently received positive and glowing evaluations. Now, however, after her complaints, she was issued a false, inaccurate negative evaluation that, while it rated her performance as "Satisfactory" overall, placed blame on her for things that were out of her control or not in her purview, or ciritized her for issues that were minor/trivial issues for which other ALJs who had not complained are not similarly issued negative reviews.

29. Defendants have, and continue to, undermine Sotolongo's authority to render decisions, and, in at least one instance, improperly tainted one of her assigned cases before the hearing date by advising the Respondent in that case that if Sotolongo rendered a determination on the matter, Respondent was certain to lose. As a result, on or around May 7, 2019, during an on the record hearing, the Respondent voiced this concern and that it was based on a conversation with "the other judge."

30. To present date, Defendant supervisors continue to subject Sotolongo to disparate supervision and oversight as compared to her coworkers who have not complained about discrimination, routinely making unannounced and unscheduled visits to the Garden City office that Sotolongo is presently assigned to, and making derisive or degrading comment to Sotolongo. For example, on May 8, 2019, it was directed that Sotolongo be locked out "at all times" and condescending comments were made about Sotolongo's retaliation claims.

31. Moreover, on May 7, 2019, as a blatant act of retaliation, Whelan sent an email to bureau heads in Albany, and all other colleagues, requesting that Sotolongo not be permitted to record their annual training conference, which was a practice that Sotolongo, and others, have engaged in

for more than a decade. Notably, the request was limited to Sotolongo, and not the other colleagues who have historically engaged in the same conduct.

32. Based on the foregoing, Sotolongo alleges that Respondent subjected her to unlawful gender-based discrimination as well as retaliation against her due to her engaging in protected activities in violation of the Title VII of the Civil Rights Act of 1960.

## **CLAIMS FOR RELIEF**

33. Plaintiff has been subjected to a hostile work environment, and/or adverse employment actions, as well as an atmosphere of adverse employment actions based on her gender and/or in retaliation for her opposition to discriminatory practices. Defendant DMV's actions are in violation of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000-e, *et seq.*

34. Defendant DMV has, while acting under color of state law, deprived Plaintiff of her constitutional rights, as secured by the Fourteenth Amendment to the United States Constitution, in violation of 42 U.S.C. § 1983, and all related provisions of the New York State Constitution. The DMV and the DMV's supervisors have intentionally committed, condoned or were deliberately indifferent to the aforementioned violations of Plaintiff's constitutional rights. Such deliberate indifference may be inferred in the following ways:

    a. The DMV's custom or practice of discriminating against and/or harassing Plaintiff based on her gender and/or her opposition to discriminatory practices. The discriminatory and retaliatory practices were so persistent

        and widespread that they constitute the constructive acquiescence of policymakers.

    b.    Supervisors failed to properly investigate and address allegations of harassment and/or discrimination.

    c.    Inadequate training/supervision was so likely to result in the harassment, and/or discrimination that policymakers can reasonably be said to have been deliberately indifferent to the need to provide better training and supervision.

    d.    Policymakers engaged in and/or tacitly condoned the harassment and/or discrimination.

35. The individual Defendants unlawfully participated in and/or permitted the aforementioned unlawful conduct to perpetuate, without abatement, in violation of Plaintiff's constitutional and statutory rights pursuant to 42 U.S.C. § 1983.

36. By reason of Defendants' violation of Plaintiff's rights, Plaintiff has suffered a loss of monetary benefits associated with her employment, in addition to suffering physical, emotional and other damages.

    WHEREFORE, Plaintiff demands judgment against Defendants for all compensatory, emotional, physical, and punitive damages (against the individual defendant), lost pay, front pay, injunctive relief, and any other damages permitted by law. It is further requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled. Plaintiff demands a trial by jury.

Dated: Long Island City, New York
       October 19, 2019

RICOTTA & MARKS, P.C.
*Attorneys for Plaintiff*
31-10 37th Avenue, Suite 401
Long Island City, New York 11101
(347) 464-8694


_____/s_____
          Thomas Ricotta